Slip Op. 06 - 102

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - -x

CARPENTER TECHNOLOGY CORPORATION,    :

                        Plaintiff,   :

            v.                       :

UNITED STATES,                       :    Court No. 02-00448

                        Defendant,   :
            -and-
                                     :

VIRAJ GROUP,
                                     :

            Intervenor-Defendant.    :
                                     :
- - - - - - - - - - - - - - - - - - - x

Memorandum

[Final results of ITA redetermination
 pursuant to court remand affirmed.]

                        Dated:  July 7, 2006


    Collier Shannon Scott, PLLC (Robin H. Gilbert) for the
plaintiff.

    Peter D. Keisler, Assistant Attorney General; David M. Cohen,
Director, and Patricia M. McCarthy, Assistant Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice
(Michael Panzera); and Office of Chief Counsel for Import
Administration, U.S. Department of Commerce (Ada E. Bosque), of
counsel, for the defendant.


        AQUILINO, Senior Judge: As pointed out in this court's

slip opinion 04-103, 28 CIT __, __, 344 F.Supp.2d 750, 751 (2004),

filed herein, this is another case contesting a determination of

the International Trade Administration, U.S. Department of Commerce

("ITA") to group or not to group ("collapse") together Indian enterprises for purposes of enforcement of its <u>Antidumping Duty Order: Certain Stainless Steel Wire Rods from India</u>, 58 Fed.Reg. 63,335 (Dec. 1, 1993).  That opinion resulted in an order of remand to the ITA

> for calculation and imposition of individual antidumping-duty margins upon Viraj Impoexpo, Ltd. and Viraj Forgings, Ltd. in the manner of the approach taken by the agency, and affirmed by the court, in <u>Viraj Group, Ltd. v. United States</u>, 25 CIT 1017, 162 F.Supp.2d 656 (2001).

28 CIT at __, 344 F.Supp.2d at 755.

In response, the defendant has filed the agency's <u>Final Results of Redetermination Pursuant to Court Remand</u> (Feb. 18, 200[5]), to wit, weighted-average margins of 3.77 percent for Viraj Impoexpo, Ltd. ("VIL") and 1.29 percent for Viraj Forgings, Ltd. ("VFL").  Those <u>Final Results</u> report ITA receipt of a submission from the petitioner/plaintiff Carpenter that

> it does not believe the Court meant to separate VIL and VFL but that it meant to only separate VAL [Viraj Alloys, Ltd.] from those two companies.  . . .  We disagree.

<u>Final Results</u>, p. 4 (citation omitted).  Suffice it to confirm that the plaintiff, not the defendant, read slip opinion 04-103 correctly.

Nonetheless, counsel have since filed Plaintiff's Comments in Support of Agency's Final Results of Redetermination Pursuant to Court Remand, the bottom line of which is a request

that the court "affirm" those results.  But they also request that

the court

> reject Commerce's attempts to re-argue the issues in this
> case.  Commerce has not only continued to disagree with
> the Court on the collapsing issue, but has not been fully
> forthcoming in its presentation of the issue.   In
> particular, on page five of its Remand Results, Commerce
> argues that collapsing was appropriate in this case
> because "the Department has continued to find it proper
> to collapse the companies of Viraj after the issue was
> remanded to us for reconsideration."  Id., citing Slater
> Steels Corp. v. United States, 316 F.Supp.2d 1368 (Ct.
> Int'l Trade 2004).   Given Commerce's citation of the
> Slater Steels case as support for its argument that
> collapsing is still appropriate, it was incumbent on
> Commerce to update the Court as to the status of the
> Slater Steels litigation, and report that the agency's
> decision to continue to collapse the Viraj Group
> companies had been found unlawful . . ..  In Slip Op. 05-
> 23, the Slater Steels Court "remanded to Commerce for
> calculation and imposition of individual antidumping
> margins upon VAL, VIL, and VFL."  Slater Steels Corp. v.
> United States, Slip Op. 05-23 at 15 (Ct. Int'l Trade Feb.
> 17, 2005).  Thus, contrary to Commerce's argument in the
> Remand Results that it was justified in its position in
> favor of collapsing the Viraj Group companies, the
> findings in Slater Steels lend yet further support to
> this Court's findings in the present case.

Plaintiff's Comments in Support of Agency's Final Results, pp. 1-2

(footnote omitted).  This has engendered a retort by the defendant

that the Court of Appeals for the Federal Circuit ("CAFC")

> has expressly indicated that it is entirely appropriate
> for Commerce to note its disagreement with a Court's
> conclusion notwithstanding its compliance with an order
> directing certain actions pursuant to remand[1]

---

[1] Defendant's Response to Plaintiff's Comments in Support of
Agency's Final Results of Redetermination Pursuant to Court Re-
mand, second page, citing Viraj Group, Ltd. v. United States, 343
F.3d 1371, 1376 (Fed.Cir. 2003).

and that,

> contrary to Carpenter's insinuation, litigation in <u>Slater Steels</u> has not concluded.  The agency simply referred to <u>Slater Steels</u> in the context of <u>preserving our objections</u> to th[is] Court's opinion and order.[2]

Indeed, the defendant subsequently docketed an appeal from the final judgment entered in <u>Slater Steels</u>, No. 06-1159 (Fed.Cir.  Dec. 29, 2005), although it recently apparently moved voluntarily to dismiss that appeal, which motion was granted by the CAFC on May 17, 2006.

Whatever the precise significance of that dismissal may be given the Viraj Group's own, continuing appeal in <u>Slater Steels</u>, No. 06-1158 (Fed.Cir.), in this case the intervenor-defendant Viraj Group has taken no position on the <u>Final Results</u> at bar.  Since the plaintiff and the defendant are now in agreement thereon and the CAFC tends to "[w]eigh[] heavily" consent among otherwise-adverse parties in a case like this[3], judgment affirming those <u>Final Results</u> will now be entered.

Dated:  New York, New York
      July 7, 2006

                                            <u>Thomas J. Aquilino, Jr.</u>
                                               Senior Judge

---

[2] <u>Id</u>., third page (emphasis in original).

[3] <u>See</u>, <u>e.g.</u>, <u>Ugine and ALZ Belgium v. United States</u>, __ F.3d __, 2006 WL 1642648, at *7 (Fed.Cir.  June 15, 2006).